IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF SOUTH CAROLINA
ORANGEBURG DIVISION

| | | |
|---|---|---|
| William H., | ) | |
| | ) | |
| | ) | Civil Action No.: 5:20-cv-01914-JMC |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | **ORDER AND OPINION** |
| | ) | |
| | ) | |
| Kilolo Kijakazi, Acting Commissioner of | ) | |
| Social Security Administration, | ) | |
| | ) | |
| Defendant. | ) | |
| | ) | |

This matter is before the court for review of the Magistrate Judge's Report and Recommendation ("Report"). (ECF No. 18.) The Report addresses Plaintiff William H.'s ("Plaintiff") claim for Supplemental Security Income ("SSI"). (*Id.* at 1.) The Report recommends the court affirm the decision of the Commissioner of Social Security Administration ("Commissioner"). (*Id*. at 1.) For the reasons stated herein, the court **ACCEPTS** the Report, and **AFFIRMS** the decision of the Commissioner.

### I. FACTUAL AND PROCEDURAL BACKGROUND

The Report sets forth the relevant facts and legal standards, which this court incorporates herein without a full recitation. (*Id.* at 1-10.) As brief background, on November 15, 2019, the Administrative Law Judge ("ALJ") determined Plaintiff was not disabled for purposes of the Social Security Act ("the Act") and denied Plaintiff's claim for SSI.[1] (*Id.* at 2.)

---

[1] Prior to the ALJ's decision, another ALJ had also denied Plaintiff's claim. (ECF No. 18 at 2.) Plaintiff's request for review was granted by the Appeals Council, and a second administrative hearing was conducted before Plaintiff's claim was again denied, laying the groundwork for this case. (*Id.*)

1

The ALJ determined Plaintiff had the severe impairments of "degenerative disc disease and bilateral hip degenerative disease status post right hip fracture, and depression." (*Id.* at 7.) The ALJ found Plaintiff had the following RFC:

> "to perform light work as defined in 20 CFR 416.967(b) except the claimant should never climb ladders, ropes, and scaffolds. Furthermore, the claimant is limited to one and two step tasks"

(*Id.*)

Thereafter, the Appeals Council ("the Council") denied Plaintiff's request for review. (*Id.* at 2.) Thus, the ALJ's decision became the final decision of the Commissioner. *See Meyer v. Astrue*, 662 F.3d 700, 704 (4th Cir. 2011) (stating an ALJ's decision was the final decision of the Commissioner when the Council denied a request for review); *Higginbotham v. Barnhart*, 405 F.3d 332, 336 (5th Cir. 2005) (holding the Commissioner's "final decision" includes when the Council denies a request for review).

Plaintiff filed this action on May 18, 2020. (ECF No. 1.) Plaintiff argued that the ALJ's decision should be overturned because (1) the ALJ improperly rejected Plaintiff's subjective reports of pain (ECF No. 18 at 11); (2) did not account for Plaintiff's inability to pay when considering his failure to seek additional treatment (*id.*); and (3) improperly applied the Medical-Vocational Guidelines to conclude Plaintiff was not disabled despite evidence of Plaintiff's illiteracy (*id.* at 16).

After reviewing each argument, the Magistrate Judge issued the Report and suggested the Commissioner's decision be affirmed. (ECF No. 18.) First, the Magistrate Judge found the ALJ considered Plaintiff's subjective complaints using the regulatory two-step framework. (*Id.* at 12.) Turning to Plaintiff's medical history, the ALJ had found Plaintiff's testimony "not entirely consistent with the medical evidence and other evidence in the record." (*Id.* at 13.) While the ALJ

indeed did not consider Plaintiff's financial ability to afford additional treatment, he noted that Plaintiff had not shown that he "attempted to obtain treatment and was denied such treatment because of [his] inability to pay or lack of insurance." (*Id*. at 14 (citing *Scarborough v. Astrue*, C/A No. 1:12-cv-00006, 2012 WL 6864775 at *3 (W.D.N.C. Jan. 16, 2013)).) The Magistrate Judge noted that Plaintiff had not met his burden in demonstrating that he "wanted or needed additional treatment for his pain" and that such treatment would have been recommended but for Plaintiff's finances. (*Id*.) Additional facts also supported the ALJ's finding. For instance, Plaintiff's treatment history indicated he had been consistently treated with Norco for his pain "since before he applied for disability." (*Id*. at 16.) Collectively, these facts pointed to a conclusion that no additional treatment was necessary. Thus, the Magistrate Judge concluded substantial evidence supported the ALJ's evaluation of Plaintiff's subjective complaints and RFC determination. (*Id*.)

Next, the Magistrate Judge considered Plaintiff's argument under the Medical-Vocational guidelines where Plaintiff argued he should be deemed as disabled given his age, illiteracy, unskilled work history, and limitation to light work. (*Id*.) Here, Plaintiff's central argument focused on his alleged illiteracy. A finding of illiteracy would require the ALJ to conclude Plaintiff was disabled. (*Id*. at 19.) Delving into the record, the Magistrate Judge emphasized that it contained numerous contradictions on this issue. While one psychologist had indeed found Plaintiff to be functionally illiterate, other evidence pointed to a different conclusion. (*Id*. at 17-19.) For instance, prior examiners had "charted possible malingering" and noted that Plaintiff had put forth poor effort on prior literacy tests and cognitive tasks. (*Id*. at 17.) Additionally, Plaintiff's previous attorney had "unequivocally *denied* that [Plaintiff] was illiterate" in his first Appeals Council Brief. (*Id.* (emphasis in original).) Other evidence, including Plaintiff's prior semi-skilled

work history and evidence that he completed his own function and work history reports, supported the conclusion that while Plaintiff may have had limited education, he was not illiterate. (*Id*.) At any rate, the Magistrate Judge emphasized that "this court may not reweigh" conflicting evidence and "substitute its own judgment for that of the Commissioner, even if it finds the evidence is susceptible to more than one rational interpretation." (*Id*. at 21 (citing *Hays v. Sullivan*, 907 F.2d 1453 (4th Cir. 1990)).)

Therefore, the Magistrate Judge reasoned the ALJ performed an adequate review of the whole record and his determination was supported by substantial evidence. The Magistrate Judge recommended this court affirm the Commissioner's decision. (*Id.* at 22.)

The parties were apprised of their opportunity to file specific objections to the Report. (*Id*. at 23.) Neither party objected.

## II. STANDARD OF REVIEW

The Magistrate Judge's Report is made in accordance with 28 U.S.C. § 636(b)(1) and Local Civil Rule 73.02 for the District of South Carolina. The Magistrate Judge only makes a recommendation to this court, and the recommendation has no presumptive weight. *See Mathews v. Weber*, 423 U.S. 261, 270-71 (1976). The responsibility to make a final determination remains with the court. *Id.* at 271. As such, the court is charged with making *de novo* determinations of those portions of the Report and Recommendation to which specific objections are made. *See* 28 U.S.C. § 636(b)(1); *see also* FED. R. CIV. P. 72(b)(3). If no party offers specific objections to the Magistrate Judge's Report, the court is not required to give any explanation for adopting the Report. *See Camby v. Davis*, 718 F.2d 198, 199 (4th Cir. 1983). Rather, "in the absence of a timely filed objection, a district court need not conduct a *de novo* review, but instead must only satisfy itself there is no clear error on the face of the record in order to accept the recommendation."

*Diamond v. Colonial Life & Acc. Ins. Co.*, 416 F.3d 310, 315 (4th Cir. 2005) (emphasis added) (quoting Fed. R. Civ. P. 72 advisory committee's note). Thus, the court may accept, reject, or modify, in whole or in part, the Magistrate Judge's recommendation or recommit the matter with instructions. 28 U.S.C. § 636(b)(1).

### III. DISCUSSION

Here, the court has carefully examined the findings of the Report and concludes the ALJ's decision was supported by substantial evidence. (ECF No. 18 at 10-22.) Plaintiff requested additional time to respond to the Report, and in its order granting the extension, the court required any objections to be filed by July 13, 2021. (ECF No. 20.) To date, Plaintiff has not filed an objection. Because the court discerns no clear error on the face of the Report, it adopts the Report herein.

### IV. CONCLUSION

After a thorough review of the Report and the record in this case, the court **ACCEPTS** the Magistrate Judge's Report and Recommendation (ECF No. 18) and incorporates it herein. Therefore, the decision of the Commissioner of Social Security Administration is **AFFIRMED.**

**IT IS SO ORDERED.**

*J. Michelle Childs*
United States District Judge

December 6, 2021
Columbia, South Carolina